**BRICE E. BRYAN & ASSOCIATES**
**BRICE E. BRYAN, State Bar No. 179584**
**CHRISTOPHER J. BRANTINGHAM, State Bar No 261782**
**JEFFREY T. GILLINGHAM, State Bar No. 304646**
25 West Rolling Oaks Drive, Suite 202
Thousand Oaks, CA. 91361
Phone:     (818) 223-8090
Fax:       (818) 223-8072

Attorneys for Defendant:
ROCKY'S RACQUET WORLD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKY'S RACQUET WORLD, a Limited Partnership; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 2:20-cv-04710 RSWL (RAOx)<br><br>**DECLARATION OF BRICE E. BRYAN IN SUPPORT OF ROCKY'S RACQUET WORLD'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BOUYER'S COMPLAINT AND DECLARE PLAINTIFF BOUYER A VEXATIOUS LITIGANT**<br><br>Judge:   Hon. Ronald S.W. Lew<br>Date:    November 24, 2020<br>Time:    10:00 AM<br>Courtroom:  TBD |

## DECLARATION

I, BRICE E. BRYAN, hereby declare that, if called as a witness, I could competently, and would, testify to the following based on my personal knowledge:

1. I am an attorney admitted to practice before this Court and all of the courts in the State of California. I am a member of the firm BRICE E. BRYAN & ASSOCIATES the attorneys of record for plaintiff in this action. Some of

1. the information contained herein is based on my review of the US District Court's Pacer case locator system.

2. The plaintiff in this case Anthony Bouyer is an admitted "high frequency" litigant. In his declaration filed with this court (Docket Item No. 10-2) he states, "I have filed more than 10 complaints alleging construction-related accessibility violations within the 12-month period immediately preceding the filing of the complaint in this action."

3. On October 16, 2020 I did a search in the Federal Court Pacer system and have verified that indeed Mr. Bouyer has filed at least **411** Complaints in the Central District of California alleging construction-related accessibility violations within last 10-months (12/31/20-10/16/20).

4. In connection with my search in the Federal Court Pacer system, I printed out a list of all the accessibility violations cases Mr. Bouyer has filed in this court. Attached hereto as **Exhibit G** is a true and correct copy of that 16 page printout of all the cases Mr. Bouyer has filed detailing 411 cases.

5. In connection with my Federal Court Pacer system search of Mr. Bouyer, I was able to identify 12 accessibility lawsuits filed ON THE SAME DAY as this case was filed.

6. In reviewing the Pacer search results, of the 411 cases filed in this district, it is noted that Mr. Bouyer has filed as many as 20 cases in a single day (7/24/20) and on two occasions filed 18 cases in a single day (1/22/20 and 3/6/20).

7. If Mr. Bouyer had filed the above referenced 411 accessibility cases in state court where, due to his status as a "high-frequency litigant" (which under Code Civ. Proc. §425.50, incurs a supplemental fee of $1,000.00 per case) his "high-frequency litigant" case filing fees alone would have been $401,000.00.

8. According to a court Order dated October 1, 2019, Judge OTIS D. WRIGHT, II of this District indicated the following:

"According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed. Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019." (Case 2:19-cv-03002-GW-E, Docket Item No. 22, Pg. 9, Line 13-23).

9. It is interesting to note that if Plaintiff Bouyer continues to file his ADA cases in this court at the same rate as he has thus far this year, by the time this motion is heard in this court, **this single plaintiff** will have filed more cases in 11 months than the entire Docket for ADA cases for the Central District in 2013 (419 ADA cases).

10. In connection with this case, although it was and is not ascertainable from Plaintiffs complaint, in a separate discussion with Plaintiff's counsel, Defendant was informed that Plaintiff Bouyer utilizes a van for transportation and that the allegations from the Complaint were referring to a claimed belief that there was no ADA compliant "van accessible" parking space. It appears that Plaintiff was only aware of the car accessible space on the East side of the building, whereas the van space was on the West side of the building.

11. In Plaintiff's Case Statement (Docket Item No. 14 in this case) where Plaintiff was charged by the court to set forth the basis of the lawsuit,

Plaintiff stated:

"The specific conditions that form the basis of the lawsuit include the following:

-A built up curb ramp that projects from the sidewalk and into the access aisle (ADAAG Section 406.5);

-A curb ramp that is in excess of the maximum grade allowed by the ADAAG specifications (ADAAG Section 406.1)

-An access aisle that is not properly marked (ADAAG Section 502.3.3); and

-Defendant has no policy or plan in place to make sure that the designated parking at the Property is compliant for persons with disabilities and remain compliant at all times relevant at the Property." (Doc. 14-Plaintiff's Case Statement, Pg. 2, Line 24 - Pg. 3, Line 5)

12. After reviewing the premises at 8001 Laurel Canyon Blvd. in North Hollywood, I can confirm that it has less than 200 parking spaces, which under ADAAG §208.2 and §208.2.4, requires only one van space. While defendant disputes the plaintiff was in any way injured from the condition of the property, and disputes that the original van parking on the West side of the building was not ADA compliant, Defendant has taken the following steps to update / review the van parking at the property:

   a) Verified that the van space and the adjacent space does not have a built up curb ramp projecting into the access isle (see **photo in Exhibit B** showing no curb in the access isle);

   b) Verified that there is no curb ramp in excess of the maximum grade allowed by the ADAAG specifications

-4-

          (see Photo in **Exhibit B and C** showing no grade of the access isle);

    c)    Re-striped faded existing striping with clear bold blue striping with a van 8' access isle ADAAG specifications (see Photo in **Exhibit D** showing newly painted clear bold blue striping) and updated "Van Accessible" signage (see Photo in **Exhibit E**);

    d)    Although not required, defendant has placed a "Van Accessible Parking in Rear" sign on the east side of the building directly in front of the automobile parking. A true and correct copy of a photograph of that sign is attached as **Exhibit F**.

    e)    Verified that there is a policy in place to make sure that the designated parking at the Property is compliant for persons with disabilities.(See Declaration of A.T. Dickens, attached as **Exhibit N** to this declaration, regarding Rocky's policy of compliant parking for disabled persons).

13.    Following an unsuccessful mediation with plaintiff, on September 16, 2020, I drafted and emailed a meet and confer letter detailing the basis of Defendant's Motion to Dismiss and emailed the same letter to Phyl Grace. A true and correct copy of my meet and confer letter is attached hereto as **Exhibit A**. Two days later in response to my email on September 18, 2020, I received an inadvertent response that was addressed to a different firm about another case. The response email from Phyl Grace was followed up with an email stating " My apologies. This email was intended for another case." However it was clear Ms. Grace had received my meet and confer email.

14. Despite my Meet and Confer letter of September 16, 2020 throughly outlining the nature and grounds for our proposed motion to dismiss, and despite my request for Plaintiff's counsel to call to discuss the matter, no substance response was given and no call was forthcoming.

15. On October 7, 2020 I called Plaintiff's counsel Phyl Grace and had a meet and confer teleconference regarding the substance of our motion to dismiss. After going through the topics outlined in my September 16, 2020 letter about the basis of our motion to dismiss, she indicated she had forwarded my September 16, 2020 letter to another department and she said they "might be calling" me to discuss further. When I inquired when someone else "might be calling" to discuss further, she said she had no idea. I indicated if I did not hear from anyone, I would take that to mean they would not dismiss or amend their pleadings and would oppose our motion.

16. It has been more that a week since my October 7, 2020 call to Phyl Grace and no further calls from Plaintiffs firm have been forthcoming. As a result Defendants have met the meet and confer requirement under Local Rule 7-3.

17. Attached hereto as **Exhibit H** is a true and correct copy of the Complaint filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Bouyer v. Fred S. Oken, et.al. (Case 2:20-cv-04724-ODW-SK).

18. Attached hereto as **Exhibit I** is a true and correct copy of the Complaint filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Bouyer v. Kadima Investments, LLC (Case 2:20-cv-04709-RSWL-KS).

19. Attached hereto as **Exhibit J** is a true and correct copy of the Complaint filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Bouyer v. Antony Abelyan., (Case 2:20-cv-04752-SVW-SK).

20. Attached hereto as **Exhibit K** is a true and correct copy of the Complaint

Case 2:20-cv-04710-RSWL-RAO   Document 20   Filed 10/20/20   Page 7 of 7   Page ID #:86

filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Bouyer v. Saloni, Inc., (Case 2:20-cv-04711-PA-AFM).

21. Attached hereto as **Exhibit L** is a true and correct copy of the Complaint filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Buoyer v. Hamid Nouri Investments, LLC (Case 2:20-cv-04707- AB-AFM).

22. Attached hereto as **Exhibit M** is a true and correct copy of the Complaint filed by Anthony Bouyer in the CENTRAL DISTRICT OF CALIFORNIA in a case entitled Bouyer v. Robert L. Werner, Case 2:20-cv-04698-ODW-PJW.

23. Attached hereto as **Exhibit N** is a true and correct copy of the Declaration of A.T. Dickens.

24. Attached hereto as **Exhibit O** is a true and correct copy of the Los Angeles "Safer at Home" Public Order, issued by Mayor Eric Garcetti (originally issued on March 19, 2020 and revised on May 27, 2020).

25. Attached hereto as **Exhibit P** is a true and correct copy of Executive Order N-60-20, issued by Gavin Newsom on May 4, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed this day October 19, 2020 in Thousand Oaks, California.

Dated: October 19, 2020

BRICE E. BRYAN

-7-