**EXHIBIT A**

LAW OFFICES
# BRICE E. BRYAN & ASSOCIATES
SUITE 202
25 WEST ROLLING OAKS DRIVE
THOUSAND OAKS, CALIFORNIA 91361
FAX (818) 223-8072
(818) 223-8090

September 16, 2020

TRANSMITTED BY Email to pgrace@manninglawoffice.com

Manning Law, APC
Phyl Grace, Esq.
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660

*Re: Rocky's Racquet World adv. Anthony Bouyer; US District Court Central District of California Case # 2:20- cv-04710; MEET AND CONFER RE: MOTION TO DISMISS*

Dear Ms. Grace,

    We have identified many deficiencies in Mr. Bouyer's Complaint which, if not corrected will cause us to file a Motion to Dismiss as a responsive pleading. In short, your Complaint fails to meet the Federal Court pleading requirements and fails to set forth facts to establish jurisdiction for an ADA claim. Further, we see this as a case that should have been filed in State Court given your clients apparent history as a vexatious litigant. This letter is our meet and confer effort with the hope you will reconsider the venue and content of your claim. As we have represented, the issue described by you (not articulated with specificity in the complaint) "Van Accessible Parking" has been resolved at the site, and as of the time of the writing of this letter, there is a properly marked "Van Accessible" spot at the location.

**Failure to Plead with Requisite Factual Specificity**

    The limited facts plead in the Complaint make it impossible to understand what your client's actual grievance is from the pleadings. I realize your client files dozens of these cases and thus a very general description is helpful when a high-frequency litigant is changing the names and places in a word processor. However, simply reciting the elements of an ADA claim without site specific facts of the alleged "physical barriers" and repeatable ongoing harm for this particular circumstance will not cut it in Federal Court. Since the Complaint fails to factually describe the circumstances at this property as they relate to Mr. Bouyer, it fails to articulate a cognizable ADA claim.

    As you no doubt know, a motion to dismiss tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Fed. R. Civ. P.* 12(b)(6)). Plaintiff's Complaint in its present form fails to state a claim. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544,

September 16, 2020
Page 2

555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1988). A legal theory is not cognizable simply because it is alleged; mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court may therefore disregard any "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Indeed, the Court should reject "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Even if a legal theory is cognizable (and here it's not) and a complaint contains detailed factual allegations (here it doesn't), the alleged claims lack viability if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v Iqbal*, 556 U.S. 662 (at 679). A claim is cognizable, and therefore "plausible," only if the well pleaded facts offer more than the mere "possibility that a defendant has acted unlawfully" or are "'merely consistent with' a defendant's liability." Id. at 678 (quoting Twombly, 550 U.S. at 557). Only a plausible claim may survive a motion to dismiss and "require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**The Complaint is Jurisdictionally Defective**

Mr. Bouyer's Complaint has failed to property allege the elements of standing in the ADA context and, as a result, the Complaint is jurisdictionally defective and subject to dismissal under Federal Rule of Civil Procedure 12(b)(1), "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted); accord *United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). The existence of Article III standing is not subject to waiver (*Hays*, 515 U.S. at 742) and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U. S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S. Ct.162, 79 L. Ed. 338 (1934)).

The Complaint fails to sufficiently allege the essential elements of Article III standing. Of course the only relief available to private plaintiffs under the ADA is injunctive relief. In order to plead injunctive relief, a plaintiff must demonstrate a 'real and immediate threat of repeated injury' in the future. *Chapman v. Pier 1 Imports* (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). Here, Plaintiff fails to meet the minimum requirements of *Chapman* and does not adequately plead threat of repeated injury. While Plaintiff claims he intends to "return within 45 days as a "tester" for the purpose of confirming their accessibility" this is not enough and therefore Plaintiff has not properly articulated credible elements of standing, i.e., imminent repeated harm. He has failed to provide the address at which he resides, the distance from his residence to the site, and the reason(s) why he intends to return. Plaintiff does not plead how often he visits this site or whether he has concrete legitimate plans to return, and for what reason. He fails to identify with specificity why after inquiring "about phones" he would ever need to return to the location. Does he need to "inquire about phones" on a regular basis? Does he currently not have a cell phone? The truth is, given your clients history, it's obvious that he really did not need to "inquire about phones" and wont need to do so in the future. Indeed Plaintiff's

September 16, 2020
Page 3

own pleading admits he was there for another purpose, "to confirm that this public place of accommodation is accessible to persons with disabilities". This is not enough.

Additionally, Plaintiff fails to describe which aspect of the then existing handicapped space caused him difficulty and discomfort, and how he experienced that difficulty and discomfort. While he claims he encountered architectural barriers that denied him full and equal access, he does not describe these barriers clearly nor does he allege how his disability was affected by the barriers so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability). The Complaint attempts to lists barriers that Plaintiff claims denied him access without connecting the alleged violations to Plaintiff's particular disability, or indicating how he encountered any one of them in such a way as to impair his use of the site. Poorly listing barriers cannot substitute for the factual allegations required in the Complaint to satisfy Article III's requirement of an injury-in-fact. Stating he will return as a "tester" does not satisfy the requirement. Plaintiff does not attempt to relate the alleged violations to his disability, instead leaves the Court and Defendant(s) to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when "checking phones" at the site.

Plaintiff Bouyer has brought many cases in the US Central District of California. When the allegations in this case are compared to his allegations in these other cases about the businesses he has purportedly attempted to patronize, these very similar allegations strain credulity. It is clear to us and will be to the court that Plaintiff is not truly interested in patronizing the businesses he is suing, and therefore lacks standing to bring an ADA claim.

## This Case Should Have Been Filed in Los Angeles County Superior Court and Federal Supplemental Jurisdiction Should Be Denied

As you know the Federal Court has discretion to decline supplemental jurisdiction under certain circumstances, including for "compelling reasons" not enumerated. 28 U.S.C. § 1367(c)(4). The Ninth Circuit has held that claims based on state laws that incorporate the ADA by reference do not arise under federal law within the meaning of 28 U.S.C. §1331, reasoning that Congress intended that such ADA violations not give rise to a federal cause of action for damages. You have indicated in your brief to the court on this issue that Plaintiff is requesting that the Court exercise supplemental jurisdiction to hear the UNRUH claims on the basis of judicial economy, but the Supreme Court has stated, and the Ninth Circuit has "often repeated, that 'in the usual case in which all federal- law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. Oct. 1, 1997).

California has heightened the pleading standards to require specificity and the verification of Complaints (CCP § 425.50) in an attempt to deter baseless claims and vexatious disability discrimination litigation. High-frequency litigants are made to pay an additional $1,000 for each case filed over 10 cases, within a 12 month period.
As you are well aware, Mr. Bouyer is a "high-frequency litigant". He has filed well over 10 disability discrimination claims in the past 12 months. It appears to us that Plaintiff has engaged in forum shopping and filing claims in Federal Courts to take advantage of the federal courts early mediation rules in the hopes of a quick settlement and to circumvent the State "high-frequency litigant" procedural protections. A Complaint filed on behalf of a high-frequency

September 16, 2020
Page 4

litigant, in a California State Court, must state whether the Plaintiff is a high-frequency litigant, the number of Complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the Complaint, the reason a plaintiff was in the geographic area of the defendant's business, and the reason why he desired to access the Defendant's business, including the specific purpose. Moreover, the Complaint must be verified, and if not, it is subject to a motion to strike. A Complaint filed by a high-frequency litigant must state in the caption "ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5," and it must be signed by the Plaintiff. Plaintiff has skirted these requirements by filing this case in the Central District. This is not right and my client has asked me to do whatever needs to be done to stop this abuse.

Based on all the reasons set forth above, because Plaintiff lacks standing at the outset of this litigation to assert the ADA claims, we intend to seek to have the case dismissed under Fed. R. Civ. P. 12(b)(1). I invite you to dismiss the Federal Court case or re-plead it with the requisite facts to establish jurisdiction. Please advise me of your position on this. If you fail to do so we intend to file our motion to dismiss forthwith.

Thank you.
Sincerely,
BRICE E. BRYAN & ASSOCIATES

Brice E Bryan, Esq.